No. 80-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

In the Matter of the Application of
O.J. Galt, Stanford, Montana, for
Authority to Sell Certificate of
Public Convenience No. 1390, Sub. A,
To Marvin E.Mintyala d/b/a City
Garage and Mr. "M" Disposal,
Lewistown, Montana.

---

Appeal from:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark
               Hon. Gordon Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        William E. O'Leary argued, Helena, Montana

    For Respondent:

        Alexander and Baucus, Great Falls, Montana
        Neil Ugrin argued, Great Falls, Montana
        Rob Smith, PSC, Helena, Montana

---

                        Submitted:  December 3, 1981

                          Decided:  January 21, 1982

Filed JAN 21 1982

Thomas J. Kearney
                            Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Appellants, O. J. Galt and Marvin E. Mintyala appeal from an order of the First Judicial District, entered October 15, 1980. This order affirmed a previous order of August 1, 1980, which declared that Class "D" Certificate No. 1390(A) issued by the Public Service Commission (PSC) to O. J. Galt on November 18, 1977, was null and void for all purposes.

On May 15, 1936, the PSC granted Galt a Class "C" Certificate, No. 1390, authorizing motor transport of "property" in the town of Stanford, Montana, and within a 70-mile radius. This certificate was issued pursuant to section 3847.2, R.C.M., 1935 (recodified as section 8-102, R.C.M., 1947), of the Montana Motor Carriers Act.

In 1977, section 8-102, R.C.M., 1947 (section 69-12-301, MCA), was amended to include an additional classification of motor carrier, Class "D," for the transportation and disposal of garbage, waste and refuse. The legislature also enacted a new provision, section 8-102.1, R.C.M., 1947 (never codified in MCA). This was an implementation section providing that:

> "All Class D motor carriers, whether property carriers or otherwise, who have conducted a motor carrier transportation service for hire utilizing motor vehicle equipment and appropriate disposal sites consistent with the laws of this state and rules of the commission and the department of health and environmental sciences shall, upon written proof consisting of prior business records reflecting a transportation service for 1 year prior to the effective date of this act, which business records shall be submitted to the commission in an informal manner, receive a certificate of public convenience and necessity as a Class D carrier authorizing transportation of the above-described commodities within the geographical area described in the written proof submitted. Such proof must be submitted to the commission within 4 months following the

> effective date of this act; and the commis-
> sion shall issue such Class D certificates
> within an additional 90 days, and thereafter,
> no Class A, B, or C carrier will be authori-
> zed or permitted to transport ashes, trash,
> waste, refuse, rubbish, garbage, or organic
> and inorganic matter within the State of Montana."

In response to this provision, the PSC mailed a form to certificate holders to determine whether the holder desired to haul garbage and if so, requesting business records establishing past transportation of garbage.

Galt answered the PSC on the form provided, stating that he did want to haul garbage. Galt listed five business names on the letter as a response to the requested business records. No business records were supplied.

On November 18, 1977, the PSC issued Galt Class "D" Certificate No. 1390(A), authorizing transportation of garbage in the same geographical area as the prior Class "C" certificate, i.e., the town of Stanford and a 70-mile radius.

On May 3, 1978, Galt applied to the PSC for authority to transfer the Class "D" Certificate to Marvin Mintyala. The application was noticed and a June 7, 1978 deadline set for protests. On June 5, 1978, F. L. Green, owner of a certificate to haul garbage in Great Falls and a 10-mile radius thereof, joined by the Palagis who proposed to buy the Green certificate, filed a protest with the PSC on the grounds that the Galt certificate conflicted with the Green operating area. A hearing was set for September 7, 1978.

On September 5, 1978, Green and Palagis filed a motion to quash the hearing and any further proceedings on the Galt transfer, and a motion to invalidate Galt's Class "D" certi-ficate. Both motions were made on the ground that Galt had not complied with section 8-102.1, R.C.M., 1947, supra, with regard to the filing of prior business records to support

-3-

the application.

The hearing was held on September 7, 1978. The PSC subsequently issued order No. 2657, declaring the Galt certificate null and void as to points beyond the municipal limits of Stanford, Montana. Galt was granted time to submit proof, via business records, reflecting garbage transportation for one year prior to July 1, 1977 (the effective date of section 8-102.1, R.C.M., 1947). Galt's proposed transfer was held in abeyance.

Galt filed a motion for reconsideration of this order with the PSC on January 15, 1979. Reconsideration was granted. After reconsideration, the PSC issued Order No. 2657a granting authority to transfer the Galt certificate to Mintyala. This order was issued on November 27, 1979.

On December 10, 1979, the Palagis (to whom F. L. Green had sold his business and transferred his Class "D" certificate with PSC approval on February 2, 1979) filed a petition for judicial review and a motion to temporarily stay the transfer of the Galt certificate. The stay was granted.

The First Judicial District Court declared the Galt Class "D" Certificate No. 1390(A) to be null and void for all purposes.

Issues presented on appeal are:

(1) Whether the District Court lacked jurisdiction to review the issuance of the Galt Class "D" Certificate?

(2) Whether the Galt Class "D" Certificate issued by the PSC on November 18, 1977, is void?

(3) Whether the order of the District Court deprives Galt and Mintyala of due process of law?

(4) Whether the District Court usurped the authority of the PSC to cancel motor carrier certificates?

(5) Whether the District Court erred in granting a permanent stay against the proposed transfer of the Galt Class "D" Certificate?

We find issues one and two to be dispositive of this appeal.

Appellants, Galt and Mintyala, contend that the District Court lacked jurisdiction to decide the validity of the Galt Class "D" Certificate for two reasons. First, the implementation provision, section 8-102.1, R.C.M., 1947, contains a seven month timetable beginning July 1, 1977, and ending on January 31, 1978. Galt and Mintyala argue that section 2-4-702, MCA, a provision of the Montana Administrative Procedure Act, required appeals relating to certificates issued pursuant to section 8-102.1, R.C.M., 1947, to be perfected within 30 days of the termination of the seven month time limitation. Galt and Mintyala contend that since no such action was taken within the 30 day period beginning January 31, 1978, the validity of the certificate could not later be raised before and decided by the District Court.

Secondly, Galt and Mintyala argue that the sole issue before the PSC regarding the proposed transfer of the Galt Class "D" Certificate was the fitness of Mintyala to operate under that certificate. All testimony received by the PSC at the hearing on September 7, 1978, related only to the fitness of Mintyala. Galt and Mintyala argue that, as a result of the limited nature of this hearing, the only issue that the District Court could properly review on appeal was Mintyala's fitness.

Both contentions are without merit. Section 2-4-702, MCA, relating to appeals from administrative decisions, pertains to the initiation of judicial review in contested

cases. The certificate issuing process conducted by the PSC with regard to this new Class "D" Certificate did not constitute a contested case. Therefore, the 30-day appeal limitation contained in section 2-4-702(2)(a), did not apply to the issuance of the Galt Class "D" Certificate and the District Court was not precluded jurisdiction to decide the validity of that certificate when the issue was raised at a later date.

Section 2-4-702(1)(b), MCA, provides that a ". . . party may not raise any other question not raised before the agency . . ." A review of the record clearly establishes that the issue of the validity of the Galt Class "D" Certificate was raised before the PSC prior to the hearing on September 7, 1978, was taken under advisement by the PSC, was thoroughly briefed by counsel for all parties, and was, in fact, the basis for the original PSC decision in the matter. The validity question plainly was raised before the PSC and became an issue which could be heard and decided by the District Court upon judicial review. The District Court did not exceed its scope of judicial review.

The issue of the validity of the Galt Class "D" Certificate, hinges upon the requirements set forth in the implementation provision, section 8-102.1, R.C.M., 1947. This statute required submission of ". . . written proof consisting of prior business records reflecting a transportation service for one year prior to the effective date of this act (July 1, 1977) . . ." These records were to be submitted in an informal manner within four months of July 1, 1977. Upon completion of this requirement parties received ". . . a certificate of public convenience and necessity as a Class

"D" carrier authorizing transportation of the above-described commodities within the geographical area described in the proof submitted."

To implement this statute, the PSC mailed a form to motor carriers. Galt returned his form completed as follows:

"   NAME:

ADDRESS:

TELEPHONE NUMBER:

AUTHORITY NO:

"IV. Are you presently operating under the certificate issued to you by the Montana Public Service Commission (this means each and every certificate)?

 YES       NO

"III.If you do NOT intend to actively participate in garbage hauling we will restrict your current Class C and/or B authority against transporting garbage.

    I do NOT want to transport garbage.  Do not issue me Class D authority.  You may restrict my current certificate(s) against transportation of garbage.

    I DO want to transport garbage.  Listed below are business records proving that I have hauled or attempted to haul garbage.

Pump Bar
Lyle's Bar
Presbyterian Church
Galt's Hardware
Galt's Garage

"We haul for anyone who wants us to but most people here haul their own now.  In past years we hauled for all the businesses & a lot of the local people.

"IN ANY EVENT (REGARDLESS OF WHAT YOU CHECK ABOVE), SUBMIT THE APPROPRIATE CERTIFICATE(S) OR AN AFFIDAVIT STATING THAT IT HAS BEEN LOST, BY NOVEMBER 1, 1977.

"Oliver J. Galt_____
Certificate Holder"

-7-

On the basis of this answer, the PSC issued Galt Class "D" Certificate No. 1390(A), authorizing transportation of garbage in Stanford and a 70-mile radius thereof.

We hold that this answer submitted by Galt did not sufficiently comply with the requirements of section 8-102.1, R.C.M., 1947. The listing of five business names without designation of location, service provided, or dates of service clearly is not the submission of business records required by the statute. Admittedly, the statute called for informal submission, but Galt's answer fails to achieve the status of even informal response. The failure to comply with section 8-102.1, R.C.M., 1947, necessitates a finding that Class "D" Certificate No. 1390(A), issued by the PSC on November 18, 1977, is void.

In accordance with the foregoing opinion, the judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-8-